IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUH YU REN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-444 |
| | § | |
| THE UNIVERSITY OF HOUSTON AT VICTORIA, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Defendants' Motion for Partial Dismissal (Doc. 9). The court has considered the motion, Plaintiff's response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that the motion be **GRANTED IN PART AND DENIED IN PART**.

## I. Case Background

Plaintiff filed this employment action against the University of Houston at Victoria ("UH Victoria") and the University of Houston System ("UH System") (collectively, "Defendants").[2] Plaintiff is a sixty-four-year-old male of Chinese origin who, in 1987, began working as a professor at UH Victoria's School of Business Administration.[3]

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 4, Ord. Dated Feb. 16, 2017.

[2] See Doc. 1, Pl.'s Orig. Compl.

[3] See id. p. 4.

In 2007, Plaintiff clashed with his department chair over student complaints about the grades Plaintiff assigned them.[4] The end result of the dispute was Plaintiff's placement on a faculty development plan, which he successfully grieved.[5] Subsequently, the university administration retaliated against Plaintiff and treated him less favorably than other faculty members based on national origin, age, and gender.[6]

In 2012, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") based on national origin, race, and age discrimination and retaliation.[7] After filing the EEOC charge of discrimination, Plaintiff experienced various incidents of maltreatment, including threats and unfounded accusations, and he reported incidents to the university's administration, human resources, and Office of Equal Opportunity.[8] At some point during this time, Plaintiff sought a workplace accommodation for major depressive disorder, which was denied.[9] In July 2016, Plaintiff amended his EEOC charge of discrimination based on national origin, gender, age, and disability

---

[4] See id. pp. 4-5.

[5] See id. p. 5.

[6] See id. pp. 5-10.

[7] See id. pp. 3, 10; Doc. 1-2, Ex. 1 to Pl.'s Orig. Compl., Charge of Discrimination Dated Nov. 5, 2012.

[8] See, e.g., Doc. 1, Pl.'s Orig. Compl. pp. 10-15.

[9] See id. pp. 13-15.

discrimination and retaliation, alleging ongoing illegal activity.[10]

On February 10, 2017, Plaintiff filed the complaint in this action, alleging twelve counts against Defendants, whom he identified as joint employers.[11] Plaintiff asserted these claims of national origin, gender, age, disability discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964[12] ("Title VII"), the Age Discrimination in Employment Act[13] ("ADEA"), Title I of the Americans with Disabilities Act[14] ("ADA"), and the Texas Commission on Human Rights Act[15] ("TCHRA").[16]

On April 17, 2017, Defendants timely responded to Plaintiff's complaint by filing the pending motion to dismiss Plaintiff's TCHRA, ADEA, and ADA claims and to dismiss UH System.[17] On May 8, 2017, Plaintiff filed his response.[18]

## II. Dismissal Standard

Dismissal of an action is appropriate whenever the court lacks

---

[10] See id. pp. 3-4; Doc. 1-3, Ex. 2 to Pl.'s Orig. Compl., Charge of Discrimination Dated July 29, 2016.

[11] See Doc. 1, Pl.'s Orig. Compl. pp. 16-21.

[12] 42 U.S.C. §§ 2000e-2000e-17.

[13] 29 U.S.C. §§ 621-634.

[14] 42 U.S.C. §§ 12111-12117. Plaintiff alleged no facts supporting a nonemployment claim under the ADA.

[15] Tex. Lab. Code §§ 21.001-21.556.

[16] See Doc. 1, Pl.'s Orig. Compl. pp. 16-21.

[17] See Doc. 9, Defs.' Mot. for Partial Dismissal.

[18] See Doc. 10, Pl.'s Resp. to Defs.' Mot. for Partial Dismissal.

3

subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), 12(h)(3). The party asserting jurisdiction bears the burden of overcoming the presumption that the cause falls outside the court's limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Immunity under the Eleventh Amendment "operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." Union Pac. R.R. Co. v. La. Pub. Serv. Comm'n, 662 F.3d 336, 340 (5th Cir. 2011)(citing cases). However, Eleventh Amendment immunity is waivable, and, thus, "enacts a sovereign immunity from suit, rather than a nonwaivable limit on [federal] subject-matter jurisdiction." Id. (quoting Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267 (1997)).

Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)). A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp.

v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### III. Analysis

Defendants filed their motion pursuant to Rule 12(b)(1), arguing that Plaintiff's claims under the ADEA, ADA, and TCHRA are barred by Eleventh Amendment immunity and that UH System should be dismissed because it was not Plaintiff's employer. The first of these arguments challenges subject matter jurisdiction, but whether UH System is Plaintiff's employer falls under Rule 12(b)(6)'s defense of failure to state a claim.

In response to Defendants' motion, Plaintiff argues that Defendants failed to prove that they are entitled to immunity, and, citing no law, Plaintiff disputes that Defendants are units of state government or that they are considered to be a state under the Eleventh Amendment. Plaintiff further argues that the court can exercise supplemental jurisdiction over Plaintiff's TCHRA claims. Regarding whether UH System was Plaintiff's employer, Plaintiff contends that he pled that UH System was his employer and argues that Defendants are a single, integrated enterprise and joint employers.

**A.  Eleventh Amendment Immunity**

Under the Eleventh Amendment,[19] sovereign immunity operates to

---

[19] The Eleventh Amendment reads: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or

5

protect states from private lawsuits in federal court. Equal Emp't Opportunity Comm'n v. Bd. of Supervisors for Univ. of La. Sys., 559 F.3d 270, 272 (5th Cir. 2009). Absent Congress's statutory abrogation of state sovereign immunity or the State's specific waiver, the Eleventh Amendment, bars suits brought by private citizens in federal court against a state. Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 326 (5th Cir. 2002); see also U.S. Const. amend. XI; Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989).

More than just a state itself is protected from certain lawsuits in federal court; "a suit against an arm or instrumentality of the State is treated as one against the State itself." Lewis v. Clarke, ___ U.S. ___, 137 S. Ct. 1285, 1293 (2017)(citing Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429-30 (1997)). Under Texas law, public universities and public university systems are state agencies. See Tex. Gov't Code § 572.002(10)(B); Tex. Educ. Code § 61.003(8), (10). UH Victoria falls into the former category and UH System into the latter, and both are protected from suit pursuant to the Eleventh Amendment. See Tex. Gov't Code § 572.002(10)(B); Tex. Educ. Code § 61.003(8), (10); Yu v. Univ. of Houston at Victoria, CIVIL ACTION H-16-3138, 2017 WL 3620637, at **3-5 (S.D. Tex. August 23, 2017)(discussing the issue at length and finding that both UH Victoria and UH System

---

by Citizens or Subjects of any Foreign State."

6

are entitled to Eleventh Amendment immunity).[20]

Defendants are thus immune from suit in federal court unless Congress "clearly and validly abrogated" state sovereign immunity or the state waived immunity. Perez, 307 F.3d at 326. Congress did not abrogate state sovereign immunity for the ADEA, Title I of the ADA, or the TCHRA. See Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 91 (2000)(finding that Congress's attempted abrogation of Eleventh Amendment immunity in the ADEA was not a valid exercise of its power and is not effective); Hernandez v. Tex. Dep't of Human Servs., 91 F. App'x 934, 935 (5th Cir. 2004)(unpublished)(citing cases and stating that the Fifth Circuit has repeatedly made clear that the TCHRA does not waive Texas' Eleventh Amendment immunity); Bd. of Trs. of Univ. of Ala. v. Garrent, 531 U.S. 356, 363-74 (2001)(stating that the ADA did not validly abrogate state sovereign immunity with respect to claims brought under the employment provisions of Title I of the ADA).

"[A] state's waiver of its Eleventh Amendment immunity must be unequivocally expressed." Perez, 307 F.3d at 332 (citing cases). A waiver of sovereign immunity in state court is not the same as a waiver of Eleventh Amendment immunity. See id. Plaintiff suggests that Defendants' powers to sue and be sued indicates a waiver of

---

[20] Given unanimity among courts regarding Defendants' entitlement to Eleventh Amendment immunity in cases such as this, the court finds no need to discuss all of the factors considered in deciding whether a lawsuit is one that is effectively against the State of Texas. See Perez, 307 F.3d at 326-27 (listing six factors to consider); Yu, 2017 WL 3620637, at **3-5 (discussing cases that found University of Houston entitled to Eleventh Amendment immunity).

sovereign immunity.  However, the right to sue and be sued is a factor to be considered, but, without differentiating between state and federal court in the operation of that right, it falls short of an unequivocally expressed waiver of Eleventh Amendment immunity to suit in federal court.  See Lecompte v. Univ. of Houston Sys., 535 F. Supp. 317, 320 (S.D. Tex. 1982)(citing Fla. Nursing Home Ass'n v. Page, 616 F.2d 1355, 1363 (5th Cir. 1980), rev'd on other grounds sub nom., Fla. Dep't of Health & Rehab. Servs. v. Fla. Nursing Home, 450 U.S. 147 (1981)).  Similarly, the TCHRA's waiver of sovereign immunity for state courts does not constitute a waiver of Eleventh Amendment immunity to suit in federal court.  Hernandez, 91 F. App'x at 935; see also Perez, 307 F.3d at 332.  Supplemental jurisdiction pursuant to 28 U.S.C. § 1367 also is not available as an end run around Eleventh Amendment immunity.  See Hernandez, 91 F. App'x at 935 (citing Pennhurst State Sch. & Hosp. v. Haldermann, 465 U.S. 89, 120 (1984)).

Accordingly, Defendants are entitled to immunity from suit for Plaintiff's claims arising under the ADEA, ADA, and TCHRA.  For this reason, counts 2, 4-8, 10-12 should be dismissed, leaving only Plaintiff's claims arising under Title VII for national origin and gender discrimination and retaliation.

**B.  Joint Employers**

Generally, only "employers" can be held liable under Title VII.  Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 343 (5th

8

Cir. 2007)(citing Oden v. Oktibbeha Cty., Miss., 246 F.3d 458, 462 (5th Cir. 2001)). For Title VII cases, the Fifth Circuit applies the "hybrid economic realities/common law control test" to assess whether the parties have an employment relationship. Muhammad v. Dallas Cty. Cmty. Supervision & Corr. Dep't, 479 F.3d 377, 380 (5th Cir. 2007)(quoting Deal v. State Farm Cty. Mut. Ins. Co. of Tex., 5 F.3d 117, 118-19 (5th Cir. 1993)). The test looks at the putative employer's authority to hire, fire, supervise, and set the work schedule, as well as whether the putative employer paid the salary, withheld taxes, provided benefits, and set the terms and conditions of employment. Id. As these considerations suggest, the test is dependent on the specific facts of the case and, thus, best suited for summary judgment. See id. at 382.

In his complaint, Plaintiff alleged that Defendants were joint employers. In Defendants' motion, they argue that Plaintiff made no allegation "that UH System was his employer or . . . exercised any power or control over his employment at [UH Victoria] based on an [sic] improper criteria."[21] In response, Plaintiff argues that Defendants constituted a single, integrated enterprise and that, among other things, Plaintiff complained to the UH System's Office of Equal Opportunity Services, Defendants' response to his EEOC charge of discrimination was written on UH System letterhead, and Plaintiff's W-2 Wage and Tax Statement identified "UH System

---

[21] Doc. 9, Defs.' Mot. for Partial Dismissal p. 7.

9

Consolidated" as his employer.[22]  As Defendants did not file a reply, they did not address Plaintiff's newly asserted theory of single, integrated enterprise.

The determination of whether UH System was Plaintiff's employer is a fact-specific inquiry and the documents that Plaintiff submitted as attachments to his response suggest an employment relationship.  Therefore, the court finds that it cannot make a determination without allowing Plaintiff an opportunity to conduct discovery on the issue.  Additionally, the issue whether UH System was Plaintiff's employer as defined for Title VII cases, pursuant to joint employment or any other theory, requires more legal discussion than offered in the briefing.

UH System should not be dismissed at this time.

### IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendants' Motion for Partial Dismissal be **GRANTED IN PART AND DENIED IN PART.** Should this Memorandum and Recommendation be adopted, the only claims that remain in this case are those raised against Defendants under Title VII for national origin and gender discrimination and retaliation.

The Clerk shall send copies of this Memorandum and

---

[22] See Doc. 10, Pl.'s Resp. to Defs.' Mot. for Partial Dismissal pp. 9-10; Doc. 10-1, Ex. A to Pl.'s Resp. to Defs.' Mot. for Partial Dismissal, Letter from Jennifer E. Bloom to EEOC Dated June 7, 2013; Doc. 10-2, Ex. B to Defs.' Mot. for Partial Dismissal, 2016 W-2 Wage & Tax Statement.

Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Rule 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 26th day of December, 2017.

_____
U.S. MAGISTRATE JUDGE