United States District Court
Southern District of Texas
**ENTERED**
March 09, 2018
David J. Bradley, Clerk

```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION

LUH YU REN,                         §
                                    §
     Plaintiff,                     §
                                    §
v.                                  §      CIVIL ACTION NO. H-17-444
                                    §
THE UNIVERSITY OF HOUSTON           §
AT VICTORIA and THE UNIVERSITY      §
OF HOUSTON SYSTEM,                  §
                                    §
     Defendants.                    §
```

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendants' Motion to Dismiss Plaintiff's Request for Punitive Damages (Doc. 18). The court has considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendants' motion be **GRANTED**.

On February 10, 2017, Plaintiff filed his complaint alleging that Defendants retaliated and discriminated against him based on his age, race, disability, and national origin, violating Title VII of the Civil Rights Act of 1964[2] ("Title VII"), the Texas Commission on Human Rights Act[3], the Age Discrimination in

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 (b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 4, Ord. Dated Feb. 16, 2017.

[2] 42 U.S.C. §§ 2000e-2000e-17.

[3] Tex. Lab. Code §§ 21.001-21.556.

Employment Act of 1967,[4] and the Americans with Disabilities Act.[5] On December 27, 2017, the court partially granted Defendants' motion to dismiss, dismissing all but the Title VII claim.[6]  On January 5, 2018, Defendants filed the pending motion to dismiss on the grounds that, as government agencies, Defendants are immune from punitive damages.  On January 26, 2018, Plaintiff filed a response contending that Defendants could be liable for an award of punitive damages and that the motion was premature at this stage in the proceedings.[7]

In their motion to dismiss, Defendants contend that, while Title VII allows for punitive damages, it explicitly excludes government agencies, and therefore, Plaintiff may not be awarded punitive damages in this case.  Title VII clearly abrogates Eleventh Amendment immunity, allowing claims against state agencies. See Peques v. Miss. State Empl't Serv., 899 F.2d 1449, 1453 (5th Cir. 1990).  However, while Title VII does allow for punitive damages, it explicitly excludes recovery of punitive damages against governments, government agencies, and political subdivisions. See 42 U.S.C. § 1981a(b)(1); Oden v. Oktibbeha Cty., Miss., 246 F.3d 458, 466 (5th Cir. 2001).  As this court held in its

---

[4]     29 U.S.C. §§ 621-634.

[5]     42 U.S.C. § 12112.

[6]     See Doc. 17, Ord. Dated Dec. 27, 2017.

[7]     See Doc. 20, Pl.'s Resp. To Defs.' Mot. to Dismiss. Dated Jan. 26, 2018.

prior memorandum and recommendation, Defendants are clearly governmental agencies. See Tex. Gov't Code § 572.002(10)(B); Tex. Educ. Code § 61.003(8), (10); Yu v. Univ. of Houston at Victoria, CIVIL ACTION H-16-3138, 2017 WL 3620637, at **3-5 (S.D. Tex. August 23, 2017); Jackson v. Texas S. Univ., 997 F. Supp.2d 613, 623 (S.D. Tex. 2014). Therefore, punitive damages may not be awarded against Defendants under Title VII.

Plaintiff cites Rubenstein v. Administrators of Tulane Educational Fund, 218 F.3d 392, 406 (2000), and Fisher v. Dillard University, 499 F. Supp. 525, 537 (E.D. La. 1980), as examples of punitive damages being awarded to a claimant in suit against educational institutions. However, both Tulane and Dillard are private institutions and are therefore not explicitly excluded from the award of punitive damages under Title VII.

Based on the foregoing, the court **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Rule 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the

United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 9th day of March, 2018.

_____
U.S. MAGISTRATE JUDGE